# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **NATHAN L. SURBER**, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **Civil Action No. 1:05cv00076** |
| | ) | |
| | ) | **OPINION** |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | By:   P<small>AMELA</small> M<small>EADE</small> S<small>ARGENT</small> |
| Defendant | ) | **United States Magistrate Judge** |

In this social security action, I am asked to rule on a motion for attorneys' fees, (Docket Item No. 18) ("the Motion"). Based on the reasoning set out below, the Motion will be denied without prejudice at this time.

Nathan L. Surber filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying his claim for a period of disability insurance benefits, ("DIB"), and supplemental security income, ("SSI"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. §§ 423, 1381 *et seq*. (West 2003 & Supp. 2010).  Jurisdiction of this court exists pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).  The Commissioner answered the suit, filing the administrative record.  Thereafter, the court, by order entered August 8, 2006, vacated the Commissioner's decision denying benefits and remanded the case to the Commissioner for further consideration.  (Docket Item No. 17.)  Counsel for Surber filed the Motion seeking approval of a fee of $ 6,703.60 for representing Surber in this court, pursuant to 42 U.S.C.A. § 406(b).  The Commissioner responded to the Motion,

not objecting to the plaintiff's request for fees. (Docket Item No. 19.) Surber's counsel has informed the court that he has been awarded a fee in the amount of $ 8,050.00 for services performed before the Social Security Administration, pursuant to 42 U.S.C.A. § 406(a).

In proceedings under title II of the Act, the court is authorized to determine and allow a "reasonable [attorney's] fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C.A. § 406(b)(1)(A) (West 2003 & Supp. 2010). The Fourth Circuit, construing the legislative history, has held that the 25 percent limit includes any separate fee authorized by the Commissioner for services rendered in the administrative proceedings. *See Morris v. Soc. Sec. Admin.,* 689 F.2d 495, 497 (4th Cir. 1982) (per curiam).

The Supreme Court has held that a district court, in determining a fee under § 406(b)(1)(A), must consider the fee arrangement between the client and the attorney, including a contingency fee arrangement, as the first step in testing the requested fee for reasonableness. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 808 (2002). Surber's counsel has provided the court with a fee agreement dated February 3, 2005, in which Surber agreed to pay counsel 25 percent of his Social Security back pay for representing him on his DIB and SSI claims if counsel was ultimately successful in pursuing the claims. (Attachment A to Docket Item No. 18). Referring the court to "Attachment B," counsel states in the Motion that the Social Security Administration determined, in a Notice Of Award Letter dated January 10, 2008, that 25 percent of Surber's past-due DIB benefits was at least $ 14,753.60. However, while Attachment B to the Motion is a January 10, 2008, Notice Of Award Letter, it is related to Surber's SSI award, not his DIB award. It is well-settled that "the only funds

available to the attorney of a claimant under both Title II and Title XVI are the funds withheld by the Secretary pursuant to section 206(a) of the Act." *Motley v. Heckler*, 800 F.2d 1253, 1255 (4th Cir. 1986). Although counsel avers that the appropriate Notice Of Award Letter states that the Social Security Administration determined that 25 percent of Surber's past-due DIB benefits was at least $14,753.60, the court does not have this letter before it at this time.

Therefore, I find that the award of attorneys' fees on this record is inappropriate at this time. The Motion will be denied without prejudice to plaintiff's counsel filing another properly supported motion. An appropriate order will be entered.

DATED: October 14, 2010.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE