# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| NATHAN L. SURBER, | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:05cv00076 |
| | ) | |
| | ) | **OPINION** |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | By: PAMELA MEADE SARGENT |
|     Defendant | ) | United States Magistrate Judge |

In this social security action, I am asked to rule on a motion for an attorney's fee, (Docket Item No. 22) ("the Motion"). Based on the reasoning set out below, the Motion will be granted.

Nathan L. Surber filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying his claim for a period of disability and disability insurance benefits, ("DIB"), and supplemental security income, ("SSI"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. §§ 423, 1381 *et seq.* (West 2003 & Supp. 2010). Jurisdiction of this court exists pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The Commissioner answered the suit, filing the administrative record. Thereafter, the court, by order entered August 8, 2006, vacated the Commissioner's decision denying benefits and remanded the case to the Commissioner for further consideration. (Docket Item No. 17.) Counsel for Surber filed a petition seeking approval of a fee of $ 6,703.60 for representing Surber

in this court, pursuant to 42 U.S.C.A. § 406(b). (Docket Item No. 18.) Thereafter, the Commissioner responded to the motion, not objecting to the plaintiff's request for a fee. (Docket Item No. 19.) On October 14, 2010, this court entered an Order denying this motion without prejudice pending the submission of additional evidence. (Docket Item No. 21.) Thereafter, on October 21, 2010, plaintiff's counsel submitted a new motion for an attorney's fee, as well as the additional evidence requested previously by the court. (Docket Item No. 22.)

In proceedings under title II of the Act, the court is authorized to determine and allow a "reasonable [attorney's] fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C.A. § 406(b)(1)(A) (West 2003 & Supp. 2010). The Fourth Circuit, construing the legislative history, has held that the 25 percent limit includes any separate fee authorized by the Commissioner for services rendered in the administrative proceedings. *See Morris v. Soc. Sec. Admin.,* 689 F.2d 495, 497 (4th Cir. 1982) (per curiam). Here, plaintiff's counsel states that Social Security Administration already has awarded a fee of $8,050.00 for services performed before it.

The Supreme Court has held that a district court, in determining a fee under § 406(b)(1)(A), must consider the fee arrangement between the client and the attorney, including a contingency fee arrangement, as the first step in testing the requested fee for reasonableness. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 808 (2002). Surber's counsel has provided the court with a fee agreement dated February 3, 2005, in which Surber agreed to pay counsel 25 percent of his Social Security back pay for representing him on his DIB claim if counsel was ultimately successful in pursuing

the claim. (Attachment A to Docket Item No. 22). Surber's counsel has provided the court with a copy of the Social Security Administration's March 30, 2008, Notice Of Award Letter, which states that it has withheld $ 14,753.60, or 25 percent, from Surber's past-due DIB benefits for payment of an attorney's fee. (Attachment B to Docket Item No. 22).

Also, in determining a reasonable fee, courts should consider whether counsel's actions contributed to a delay allowing an accumulation of past due benefits or whether the benefits awarded are large in comparison to the amount of time expended by the attorney. *See Gisbrecht*, 535 U.S. at 808. Furthermore, it appears proper for the court to consider the so-called "lodestar" method of fee determination, whereby a reasonable fee is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, to assess the reasonableness of the agreed fee. *See Gisbrecht*, 535 U.S. at 801-02 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) ("[t]he most useful starting point for [court determination of] the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). Also, the fee petitioner bears the burden of justifying a requested fee. *See Blum v. Stenson,* 465 U.S. 886, 896 n.11 (1984).

In the present case, Surber's counsel has supplied evidence that shows that counsel spent a total of 11.5 hours in representing Surber in this court. The time expended appears reasonable. I further find that there is no evidence that counsel in any way contributed to a delay in the award of benefits. Also, the Motion requests a total fee of $ 6,703.60, which, if paid for 11.5 hours of work, would result in a

payment of approximately $582.92 per hour. While I cannot, in good conscience, find that a fee of more than $500.00 an hour in a social security disability case is per se reasonable, I am, as stated above, obliged to consider Surber's fee agreement, which allowed for payment of 25 percent of past-due benefits. Considering that, and in light of the fact that counsel undertook this case under a contingency fee arrangement assuming the risk of no payment if benefits were not awarded, I find that a fee of $ 6,703.60 is reasonable for the attorney's services before this court. I further note that the total of the attorney's fee now sought and the $8,050.00 fee awarded by the Social Security Administration for services provided before it does not exceed 25 percent of Surber's past-due DIB benefits.

For the foregoing reasons, the Motion will be granted and a judgment will be entered awarding the plaintiff's attorney a fee of $ 6,703.60.

DATED: October 22, 2010.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE